The prisoner was indicted for stealing a slave, the property of Elizabeth Lynch, contrary to the act of the General Assembly passed in 1779, c. 11, and was found guilty by the verdict of a jury. A motion was made in his behalf, first, for a new trial; which the Court overruled. In the second place, a motion was made in arrest of judgment; which likewise failed. Judgment was then pronounced; from which the prisoner appealed to this Court.
The motion for a new trial rests on two ground: — First, that the Court rejected as evidence, the declarations made by William May, that he, the said William, stole the slave, and that the prisoner was innocent of the charge. Secondly, that the Judge, on the trial, expressed his opinion on the facts of the case.
I am of opinion, that a new trial cannot be granted on either of the grounds taken by the prisoner. The hearsay declarations of William May, that he committed the crime, were not on oath, nor was there any opportunity of a cross-examination. The evidence, therefore, according to the plainest principles of law, was properly rejected.
In the second place, the Judge, was requested by the prisoner's counsel, to charge the jury, that if William May feloniously took the slave, or actually seduced and conveyed away the slave from the possession of the owner, although the prisoner received him knowing him to be stolen, that the prisoner would (335) then be guilty only of receiving stolen goods, and should be acquitted on the indictment. In reply to the motion, the Judge remarked in the hearing of the jury, that he did not like to distract the attention of the jury, by abstract propositions, where there was no evidence to support them. The Judge, after these remarks, charged the jury, that the flight of William May, after having been charged by the warrant was a suspicious circumstance, and they would decide whether they believed William May had stolen the slave, and the prisoner had only received him, knowing that he was stolen. By an act of the General Assembly, passed in 1796, c. 4, it is enacted, that it shall not be lawful in any Judge in delivering a charge to a petty jury, to give an opinion whether a fact is fully or sufficiently proved, such matter being the true office and province of the jury. The expressions complained of, cannot be considered as a violation of this statute. Suppose William May had then been on his *Page 274 
trial for stealing the slave, and the only testimony produced againt [against] him had been the fact of issuing the State's warrant against him, Daniel and Hardy May, charging them all as principals, and the flight of William May afterwards, coupled with the local positions of the residences of the parties, and all the other circumstances that were deposed to at the trial of the present prisoner; could he legally have been convicted? Surely he could not. All the circumstances taken together would only have raised that slight species of presumption, which in criminal cases weigheth nothing. There was no evidence, which in law, shows that William. May was guilty of stealing the slave. There was no evidence given in, on which, a Judge sitting on the trial of William May could have permitted a jury to convict him of the capital crime of stealing the slave. I do not think the Judge erred in expressing himself as he did.
The prisoner moved in arrest of judgment, and assigned as reasons: first, that it did not sufficiently appear on the face of the indictment, that the theft was committed in the (336) county of Anson; and secondly, that the name of the owner of the slave was set forth in the indictment after a scilicet.
In this case, the County of Anson, is named both in the caption and in the beginning of the indictment. The prisoner is charged in the indictment, that he "in said county feloniously did steal, take and carry away, etc." In the English practice the mode of stating the venue is thus: "Middlesex," or "Middlesex to wit," and this statement is usually in the margin of the indictment. In the body of the indictment also, the facts should in general be stated to have arisen in the county in which the indictment is preferred, so that it may appear that the offense was within the jurisdiction of the Court. But when a county is named even in the margin, the words in the indictment, "in said county," or "county aforesaid," will have sufficient reference to the county in the margin. (1 Chitty, C. L. 160. 3 Hawk, P. C. 175. 2 Hale, P. C. 166, 180. 2 Hawk, P. C., ch. 25, s. 34.) In this indictment, the words, "in said county, did steal, take and carry away, a certain slave named Henry," sufficiently refers to the County of Anson as set forth in the caption and in the beginning of the indictment.
The second reason offered in arrest, is, that the name of the owner of the slave is set forth in the indictment after a scilicet. It is very usual, in criminal as well as civil proceedings, to introduce a statement under what is termed a videlicet or scilicet, as "that afterwards to wit, on etc., at etc.," the defendant did, *Page 275 
etc., or a fact occurred, which it is thought proper to mention. Lord Hobart, speaking of a videlicet, says, "that its use is to particularize that which was before general, or to explain that which was before doubtful or obscure; that it must not be contrary to the premises, and neither increase or diminish, but that it may work a restriction where the former words were not express and special, but so indifferent that they might receive such a restriction without apparent injury." Where the averment is material and enters into the substance of the description of the offense, though laid under ascilicet, it is conclusive and traversable; and if impossible or repugnant to the premises, it will vitiate, otherwise it will not (1 Bla. 495. 2 Saun. 291, n. 1. 1 Chitty, (337) C. L. 186. Rex. v. Mayor of York, 5 Term, 71.)*
By Laws 1778, c. 11, it is enacted, that "any person or persons who shall hereafter steal, or who shall by violence, seduction or any other means take or convey away any slave or slaves, the property of another, with an intention to sell or dispose of to another, or appropriate to their own use such slave or slaves, being thereof legally convicted, shall be judged guilty of felony, and shall suffer death without the benefit of clergy." The first count in the indictment, charges that the prisoner, "feloniously did steal, take and carry away, a certain slave named Henry, then and there being the property of another, to wit, the property of Elizabeth Lynch"; with an intention to sell the said slave to another, contrary to the statute. The averment, after the scilicet, that the property, was the property of Elizabeth Lynch, was material and is consistent with the premises, or that which went before in the indictment. The scilicet is here introduced to particularize that which was before general; or to explain that, which without the scilicet, would have been doubtful or obscure. It pointed out the owner of the slave. After a full examination of this case, I am unable to discover any good reason for a new trial or for an arrest of judgment. I think the judgment should be affirmed.
* 24 State Records, 220.